<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| OLU-SOLO LEON, | : | |
| | : | Civil Action No.   14-3017 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, | : | |
| | : | |
| Respondent. | : | |

**LINARES**, District Judge

Petitioner Olu-Solo Leon (ΑPetitioner@) is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States.   On or about May 2, 2014, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention.   (ECF No. 1.)   In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition for dismissal.   *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").   For the reasons stated below, this Court will deny the Petition.

**I. BACKGROUND**

Petitioner does not provide any information about his citizenship.   In an attachment to his petition, ICE describes his immigration history as follows:

On March 10, 2014, at approximately 6:05 am the subject, LEON, Olu Solo Imani (A99 386 041) was arrested at his residence…pursuant to a warrant of arrest

(I-200). Consent to enter and search the apartment was given by LEON, Olu Solo at 6:05 am, and was witnessed by Deportation Officer Valbrun. LEON, Olu Solo was positively identified and arrested without incident.

…

The subject entered the United States at an unknown place and unknown date. On 12/05/2005 the subject filed for Temporary Resident (I-687). The application was denied on 01/11/2006 due to the fact that the subject failed to provide sufficient documentation as requested. At this time the subject is amenable to the law under Sections 212 (a) (6) (A) (i), (a) (2) (A) (i) (II) and (a) (2) (C) of the INA. The subject has been served a Notice to Appear (NTA) and placed in removal proceedings. There are no pending applications on file for this individual.

…

On 02/02/2012 the subject was convicted of Possession of a firearm by an illegal alien, conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, distribution of crack cocaine and carrying and possessing a firearm in connection with a drug trafficking offense.

(Pet. 8.)

In the petition, Petitioner contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c) because he was not taken into ICE custody when released from prison for a removable offense.   (Pet. ¶¶ 26-30.)   Petitioner also argues that his mandatory detention under § 1226(c) is not authorized because he has a substantial challenge to his removal. (Pet. ¶¶ 30-33.)

## II. DISCUSSION

## A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of

2

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c).

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part that:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here. In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.

3

Title 8 U.S.C. § 1231(a) governs "post-removal-order" detentions. Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. The removal period can be restarted multiple times by various superseding events, such as a new stay order or a detention on criminal charges. *See Sayed v. Holder*, 2012 WL 458424 (D.N.J. Feb.9, 2012). The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) because the ICE did not immediately place him into custody when he was released from prison on the allegedly removable offense more almost four years ago. On April 22, 2013, the Third Circuit resolved this issue, holding that the ICE does not lose its authority to impose mandatory detention under 8 U.S.C. § 1226(c), even if the Government has delayed in detaining the alien when the alien was released from state or federal custody. *Sylvain v. Attorney Gen. of U.S.*, 714 F.3d 150 (3d Cir. 2013). The Third Circuit concluded:

> Our holding rests on a simple observation: even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay. With this holding, we neither condone government indolence nor express approval

4

for the delay in this case. But as the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent." *Montalvo–Murillo*, 495 U.S. at 720. Accordingly, we will reverse the District Court's judgment.

*Id.* at 161.

The Third Circuit's mandate in *Sylvain* definitively bars Petitioner's claim for habeas relief, which is based on the identical argument rejected in *Sylvain*, and thus makes Petitioner ineligible for a bond hearing under § 1226(a).

Moreover, as Petitioner only recently was taken into ICE custody on March 10 2014, Petitioner cannot assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In *Diop*, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. In this case, Petitioner's mandatory detention period was for barely two months at the time he filed the petition, and he alleges no facts to show that his continued detention is, or will become, unreasonably prolonged or indefinite. As such, Petitioner is not entitled to habeas relief on this ground.

Petitioner is also not entitled to habeas relief on his second ground. Petitioner does not allege any factual basis for his claim that his mandatory detention is not authorized under § 1226(c) because of a substantial challenge to removal. He simply asserts without elaboration that

he "is eligible for CAT [convention against torture]."   (Pet. ¶ 33.)   These bare allegations are insufficient to warrant habeas relief.

## III. CONCLUSION

For the reasons set forth above, Petitioner's habeas claims regarding his detention are denied without prejudice.   An appropriate order follows.[1]

Dated: June 11, 2014

<u>s/ Jose L. Linares</u>
Jose L. Linares, U.S.D.J.

---

[1] This Court will also direct Petitioner to either pay the $5 filing fee or, if he is unable to afford the fee, to apply to proceed *in forma pauperis*.